**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Steve Hillis and Diane Hillis, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>Ronald E Heineman and Barbara L. Heineman, husband and wife; Barbara L. Heineman, Trustee of the Year 2002 Revocable Trust Dated August 16, 2002; and Gregory Bartko,<br><br>    Defendants.<br>_____<br>Ronald E Heineman and Barbara L. Heineman, husband and wife,<br><br>    Counter-Plaintiffs and<br>    Third-Party Plaintiffs,<br><br>vs.<br><br>Steve Hillis and Diane Hillis, husband and wife; and John Raymond Fox,<br><br>    Counter-Defendants and<br>    Third-Party Defendant.<br>_____ | No. CV-09-73-PHX-DGC<br><br>**ORDER** |

Ronald Heineman is the former chief executive officer of Resolve Staffing, Inc., a Nevada corporation that provided employment staffing and outsourcing services to

various companies. Attorney Gregory Bartko was the corporation's securities counsel. Steve and Diane Hillis paid $135,000 for 90,000 shares of common stock of the corporation in September 2006. The Hillises lost that investment when the corporation went out of business in early 2008 due to the involuntary foreclosure and sale of its assets by its primary lender.

The Hillises filed suit against Resolve Staffing and others in Arizona state court in October 2008. The state court entered a default judgment against Resolve Staffing in the amount of $810,050. *See Hillis v. Resolve Staffing, Inc.*, No. CV2008-024095 (Ariz. Super. Ct. Jan. 5, 2009). The Hillises cannot collect on that judgment given Resolve Staffing's insolvency.

The Hillises filed a complaint against the Heinemans and Bartko in this Court on January 12, 2009. Plaintiffs assert that Defendants engaged in a conspiracy to sell unregistered and non-exempt common stock of Resolve Staffing in violation of Arizona law. The complaint asserts claims for fraudulent conveyance, racketeering, and conversion against the Heinemans and a claim for civil conspiracy against Bartko. Dkt. #1.

Plaintiffs have filed a motion to disqualify Bartko as counsel for Defendants. Dkt. #15. Defendants have filed a motion for stay of discovery. Dkt. #37. For reasons stated below, the Court will deny the motions.[1]

**I.   Plaintiffs' Motion to Disqualify Counsel.**

Plaintiffs seek to disqualify Bartko as counsel for Defendants pursuant to Ethical Rule 3.7 of the Arizona Rules of Professional Conduct ("ER 3.7"). Under certain circumstances, ER 3.7 prohibits an attorney from acting both as advocate and witness at trial:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services

---

[1] Plaintiffs' request for oral argument is denied because the parties have fully briefed the issues (*see* Dkt. ##24, 28, 39, 41) and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

- 2 -

1    rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

2

3    Ariz. Sup. Ct. R. 42, Rules of Prof'l Conduct, ER 3.7(a) (2008); *see Sec. Gen. Life Ins. Co.*
4    *v. Super. Ct. for the County of Yuma*, 718 P.2d 985, 987-88 (Ariz. 1986) (en banc).
5    "The comment to [ER 3.7] states that the reason for the advocate-witness rule is possible
6    prejudice at trial: 'A witness is required to testify on the basis of personal knowledge, while
7    an advocate is expected to explain and comment on evidence given by others. It may not be
8    clear whether a statement by an advocate-witness should be taken as proof or as an analysis
9    of the proof.'" *Dealer Computer Servs., Inc. v. Fullers' White Mtn. Motors, Inc.*, No. CV07-
10   00748-PCT-JAT, 2008 WL 828732, at *4 (D. Ariz. Mar. 26, 2008) (citation omitted); *see*
11   ER 3.7, 2003 Am., cmt. 2.

12   Plaintiffs assert that Bartko is a necessary witness because he was personally involved
13   in the alleged offer and sale of unregistered securities and drafted a statement indicating that
14   the securities were exempt from registration. Dkt. ##15 at 6, 28 at 4-5. Defendants dispute
15   that Bartko is a necessary witness and assert that even if he will be called to testify at trial,
16   his law firm has other lawyers capable of acting as trial counsel as permitted by ER 3.7(b).
17   Dkt. #24 at 6-7.

18   "Only in extreme circumstances should a party to a lawsuit be allowed to interfere
19   with the attorney-client relationship of his opponent[.]" *Alexander v. Super. Ct. for the*
20   *County of Maricopa*, 685 P.2d 1309, 1313 (Ariz. 1984) (en banc). The moving party has the
21   burden of establishing "sufficient reason why an attorney should be disqualified from
22   representing his client." *Id.* "Whenever possible the courts should endeavor to reach a
23   solution that is least burdensome upon the client[.]" *Id.*

24   It is unclear at this stage of the litigation whether the case will proceed to trial,
25   whether Bartko will be a necessary witness if the case is tried to a jury, or whether other
26   lawyers in Bartko's firm are capable of acting as trial counsel in his place. Given Arizona's
27   presumption against disqualifying counsel, the Court will deny Plaintiffs' motion without
28   prejudice. *See Dealer Computer Servs.*, 2008 WL 828732, at *6.

1  **II.     Defendants' Motion for Stay of Discovery.**

2       Defendants contend that discovery should be stayed pursuant to the Private Securities
3  Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3)(B) ("PSLRA" or "Act"). Dkt. #37.
4  "Congress passed the PSLRA because it was distressed with the proliferation and costs of
5  allegedly meritless federal securities class actions." *U.S. Mortgage, Inc. v. Saxton*, 494 F.3d
6  833, 841 (9th Cir. 2007).  Among other things, the PSLRA required plaintiffs "to identify in
7  their pleadings actual statements alleged to have been misleading and particular facts
8  supporting a 'strong inference' that the defendants acted with the required scienter[.]" *Id.*
9  The PSLRA "requires the trial court to dismiss the complaint if it fails to satisfy the Act's
10 heightened pleading requirements." *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for the N. Dist.*
11 *of Cal.*, 189 F.3d 909, 913 (9th Cir. 1999) (citing 15 U.S.C. § 78u-4(b)(3)(A)).  The PSLRA
12 further provides for a stay of discovery: "In any private action arising under this chapter, all
13 discovery and other proceedings shall be stayed during the pendency of any motion to
14 dismiss, unless the court finds upon the motion of any party that particularized discovery is
15 necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-
16 4(b)(3)(B).

17      Defendant Bartko has filed a motion to dismiss for lack of personal jurisdiction
18 (Dkt. #31) and the other Defendants purportedly will be filing motions to dismiss under Rule
19 12(b)(2) and (6). *See* Dkt. ##37-2 at 10, 40 at 3. Defendants assert that although Plaintiffs
20 have asserted only state law claims, discovery should be stayed under the PSLRA because
21 the claims "sound in a number of violations of securities fraud and the unlawful offer and
22 sale of unregistered securities." Dkt. #37-2 at 9-10; *see* Dkt. #41 at 6. Plaintiffs argue that
23 the PSLRA does not apply because Plaintiffs have asserted no claims under federal securities
24 law.  The Court agrees.

25      The PSLRA stay provision explicitly applies to "any private action arising under *this*
26 *chapter*," a reference to the Securities Exchange Act of 1934 codified at 15 U.S.C. § 78a
27 et seq. 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). "The PSLRA, by its terms, is limited
28 to actions filed under the federal securities laws and does not apply outside this context."

- 4 -

*In re First Energy Shareholder Derivative Litig.*, 219 F.R.D. 584, 586 (N.D. Ohio 2004). The "PSLRA has no application to actions in which only state law claims are alleged[.]" *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 167 (S.D.N.Y. 2001).[2]

Plaintiffs do not assert claims under federal securities law. Rather, they constrain their suit to state law claims brought in this Court pursuant to diversity jurisdiction. *See* Dkt. #1. "These claims fall outside the PSLRA's discovery stay." *In re First Energy*, 219 F.R.D. at 586. Moreover, the Court concludes that none of the perceived abuses addressed by the PSLRA are present in this case. *See Tobias Holdings*, 177 F. Supp. 2d at 166.

Defendants request in the alternative that the Court exercise its inherent power to grant a stay pending a ruling on Bartko's motion to dismiss and the other contemplated dispositive motions. Dkt. #37-2 at 12. The Court will deny that request.

**IT IS ORDERED:**

1. Plaintiffs' motion to disqualify counsel (Dkt. #15) is **denied** without prejudice.
2. Defendants' motion for stay of discovery (Dkt. #37) is **denied**.
3. Plaintiffs' motion for expedited ruling (Dkt. #42) is **granted**.
4. A Case Management Conference remains set for **March 27, 2009 at 4:30 p.m.** (*see* Dkt. #27).

DATED this 25th day of March, 2009.

*David G. Campbell*
David G. Campbell
United States District Judge

---

[2]*Cf. SG Cowen Sec. Corp.*, 189 F.3d at 913 n.1 (PSLRA applies where the plaintiffs asserted pendent state law claims in federal court in conjunction with federal securities law claims).

- 5 -