**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve Hillis and Diane Hillis, husband and wife,<br><br>   Plaintiffs,<br><br>vs.<br><br>Ronald E Heineman and Barbara L. Heineman, husband and wife; Barbara L. Heineman, Trustee of the Year 2002 Revocable Trust Dated August 16, 2002; and Gregory Bartko,<br><br>   Defendants.<br>_____<br><br>Ronald E Heineman and Barbara L. Heineman, husband and wife,<br><br>   Counter-Plaintiffs and<br>   Third-Party Plaintiffs,<br><br>vs.<br><br>Steve Hillis and Diane Hillis, husband and wife; and John Raymond Fox,<br><br>   Counter-Defendants and<br>   Third-Party Defendant.<br>_____ | No. CV-09-73-PHX-DGC<br><br>**ORDER** |

   Defendant Gregory Bartko has filed a motion to dismiss for lack of personal jurisdiction. Dkt. #31. For reasons stated below, the Court will deny the motion.[1]

---

[1] Plaintiffs' request for oral argument is denied because the parties have fully briefed the issues (*see* Dkt. ##31, 33, 35) and oral argument will not aid the Court's decision. *See*

### I. Background.

Resolve Staffing, Inc., is a Nevada corporation that provided employment staffing and outsourcing services to various companies. Ronald Heineman is the former chief executive officer of Resolve Staffing. Gregory Bartko was the corporation's securities counsel.

Steve and Diane Hillis are residents of Arizona. The Hillises paid $135,000 for 90,000 shares of common stock of Resolve Staffing in September 2006. They lost that investment when Resolve Staffing went out of business in early 2008 due to the involuntary foreclosure and sale of its assets by its primary lender.

The Hillises filed suit against Resolve Staffing and others in Arizona state court in October 2008. The state court entered a default judgment against Resolve Staffing in the amount of $810,050. *See Hillis v. Resolve Staffing, Inc.*, No. CV2008-024095 (Ariz. Super. Ct. Jan. 5, 2009). The Hillises cannot collect on that judgment given Resolve Staffing's insolvency.

The Hillises filed a complaint against the Heinemans and Bartko in this Court on January 12, 2009. Plaintiffs assert that Defendants engaged in a conspiracy to sell unregistered and non-exempt stock of Resolve Staffing in violation of Arizona law. The complaint asserts claims for fraudulent conveyance, racketeering, and conversion against the Heinemans and a claim for civil conspiracy against Bartko. Dkt. #1.

### II. Analysis.

As there is no applicable federal statute governing personal jurisdiction, Arizona's long-arm statute applies. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995). Arizona Rule of Civil Procedure 4.2(a) "provides for personal jurisdiction coextensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

---

*Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Federal due process restricts "the power of [a forum state] to assert in personam jurisdiction over a nonresident defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984). A nonresident defendant must have minimum contacts with the forum state such that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). "[T]he relationship among the defendant, the forum, and the litigation [are] the central concern of the inquiry into" the minimum contacts necessary for personal jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

Plaintiffs bear the burden of establishing personal jurisdiction. *See Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Because the Court is resolving the motion to dismiss before discovery has been conducted and without an evidentiary hearing, Plaintiffs "need make only a prima facie showing of jurisdictional facts to withstand the motion." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). That is, Plaintiffs "need only demonstrate facts that if true would support jurisdiction[.]" *Id.*; *see Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) ("[T]he prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true.").

Plaintiffs do not assert general jurisdiction over Bartko. The Ninth Circuit has established a three-part inquiry for specific jurisdiction: (1) has the defendant purposefully directed tortious activities at the forum or a resident thereof or performed some act by which he purposefully availed himself of the privileges of conducting activities in the forum, (2) do the claims arise out of or result from the defendant's forum-related activities, and (3) is the exercise of jurisdiction reasonable? *See Bancroft*, 223 F.3d at 1086. The Court will address each of these considerations separately.

**A.     Purposeful Direction or Availment.**

This test is satisfied when the defendant's non-forum conduct was purposely directed at and caused harm in the forum state. *See Calder v. Jones*, 465 U.S. 783, 788-90 (1984). The defendant "must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm . . . which is suffered and which the defendant knows

- 3 -

1 is likely to be suffered in the forum state." *Bancroft*, 223 F.3d at 1087 (citation omitted). Accepting Plaintiffs' factual allegations as true, as the Court must at this stage (*see id.*), the Court finds these elements satisfied.

First, Plaintiffs' allegation that Bartko prepared the subscription agreements for the sale of the unregistered and nonexempt securities satisfies the first element. Dkt. #1 at 3, 12 ¶¶ 33-34. Second, the Ninth Circuit has explained that "the express aiming 'requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 379 F.3d 1120, 1125 (9th Cir. 2004) (quoting *Bancroft*, 223 F.3d at 1087); *see Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) ("As we have previously recognized, *Calder* stands for the proposition that purposeful availment is satisfied even by a defendant 'whose only 'contact' with the forum state is the 'purposeful direction' of a foreign act having effect in the forum state.'") (citation omitted). Plaintiffs allege that Bartko prepared the subscription agreements in furtherance of a conspiracy to sell securities unlawfully to residents of Arizona, knowingly drafted the agreements "to be submitted to Arizona residents in Arizona," and knowingly failed to disclose that sale of the securities was unlawful in Arizona. Dkt. #1 at 3 ¶ 2(d), at 12 ¶¶ 33-34. These allegation are assumed to be true for purposes of this motion. *Bancroft*, 223 F.3d at 1087. Whether Bartko in fact possessed such knowledge will be a matter for the trier of fact to decide, unless Bartko can establish the extent of his knowledge as a matter of undisputed fact at the summary judgment stage of this case. *See Braxton-Secret v. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985) (the question of knowledge should be resolved by a trier of fact). Finally, Plaintiffs allege that Defendants' unlawful acts were intended for Arizona residents and were the direct and proximate cause of Plaintiffs' financial damages. Dkt. #1 at 4, 12 ¶ 34. Plaintiffs' factual allegations satisfy all three elements of the Ninth Circuit's test for purposeful direction.

**B.     Claims Arising Out of Forum-Related Activities.**

"The second requirement for specific jurisdiction is that the contacts constituting

- 4 -

purposeful [direction] must be the ones that give rise to the current suit." *Bancroft*, 223 F.3d at 1088. The Ninth Circuit "measure[s] this requirement in terms of 'but for' causation." *Id.* The requirement is easily satisfied in this case. Plaintiffs allege that Bartko prepared subscription agreements and acted as securities counsel in connection with the Resolve Staffing securities Plaintiffs purchased. Dkt. #1 at 3, 12 ¶¶ 33-34. But for those alleged actions, Plaintiffs would not have brought this lawsuit. *See Dole*, 303 F.3d at 1114 (Dole's claims clearly arose out of the defendants' contacts with the forum where the contacts were "integral and essential parts of the alleged fraudulent scheme" on which Dole based its suit).

**C.     Reasonableness.**

Where the previous two requirements are met, there is a strong presumption of jurisdiction and the defendant "must 'present a *compelling* case that the presence of some other considerations would render jurisdiction unreasonable.'" *Ballard*, 65 F.3d at 1500 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) (emphasis added by *Ballard*)). This Circuit has identified seven specific factors that must be considered in making the reasonableness determination: "(1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum." *Bancroft*, 223 F.3d at 1088.

Citing a case from the Tenth Circuit, *OMI Holdings, Inc. v. Royal Insurance Co. of Canada*, 149 F.3d 1086 (10th Cir. 1998), Bartko identifies several reasonableness factors and asserts that they clearly mitigate against a finding of personal jurisdiction. Dkt. #31 at 20. This bald assertion does not satisfy Bartko's "heavy burden of rebutting the strong presumption in favor of jurisdiction." *Ballard*, 65 F.3d at 1500; *see Unicru, Inc. v. Brenner*, No. Civ. 04-248-MO, 2004 WL 785276, at *11 (D. Or. Apr. 13, 2004) (finding exercise of jurisdiction reasonable where the defendants failed to make "the necessary showing that the seven factors are so lopsided in their favor as to render the exercise of jurisdiction contrary

to 'fair play and substantial justice'") (quoting *Burger King*, 471 U.S. at 476).

**D.    Conclusion.**

Plaintiffs have made a prima facie showing of specific jurisdiction. Bartko has not established that the exercise of personal jurisdiction will violate principles of due process. The Court will deny the motion to dismiss.[2]

**IT IS ORDERED** that Defendant Gregory Bartko's motion to dismiss (Dkt. #31) is **denied**.

DATED this 1st day of April, 2009.

_____
David G. Campbell
United States District Judge

---

[2] Given this ruling, the Court need not address Plaintiffs' waiver argument. *See* Dkt. #33 at 2-3, 7-8.