**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve Hillis and Diane Hillis, husband and wife,<br><br>           Plaintiffs,<br><br>vs.<br><br>Ronald E. Heineman and Barbara L. Heineman, husband and wife; Barbara L. Heineman, Trustee of the Year 2002 Revocable Trust Dated August 16, 2002; and Gregory Bartko,<br><br>           Defendants.<br>_____<br><br>Ronald E. Heineman and Barbara L. Heineman, husband and wife; and Gregory Bartko,<br><br>           Counter-Plaintiffs and<br>           Third-Party Plaintiffs,<br><br>vs.<br><br>Steve Hillis and Diane Hillis, husband and wife; and John Raymond Fox,<br><br>           Counter-Defendants and<br>           Third-Party Defendant.<br>_____ | No. CV-09-73-PHX-DGC<br><br>**ORDER** |

Resolve Staffing, Inc., is a Nevada corporation that provided employment staffing and outsourcing services to various companies. Ronald Heineman is the former chief executive officer of Resolve Staffing. Gregory Bartko was the corporation's securities counsel.

Steve and Diane Hillis paid $135,000 for 90,000 shares of common stock of Resolve Staffing in September 2006. They lost that investment when Resolve Staffing went out of business in early 2008 due to the involuntary foreclosure and sale of its assets by its primary lender.

The Hillises filed suit against Resolve Staffing and others in Arizona state court in October 2008. The state court entered a default judgment against Resolve Staffing in the amount of $810,050. The Hillises cannot collect on that judgment given Resolve Staffing's insolvency.

The Hillises filed a complaint against the Heinemans and Bartko in this Court on January 12, 2009, alleging that Defendants engaged in a conspiracy to sell Resolve Staffing stock in violation of Arizona law. The complaint asserts claims for fraudulent conveyance, racketeering, and conversion against the Heinemans and a claim for civil conspiracy against Bartko. Dkt. #1. The Heinemans and Bartko filed counterclaims asserting misrepresentation and breach of contract claims. Dkt. ##20, 52.

The Hillises have filed a motion for partial summary judgment. Dkt. #49. The motion has been fully briefed. Dkt. ##66, 69. For reasons that follow, the Court will deny the motion.[1]

The Hillises seek summary adjudication of a specific issue: whether, as alleged in paragraph 6 of the Heinemans' counterclaim, the Resolve Staffing securities sold to the Hillises were exempt from registration. *See* Dkt. ##49 at 1-2, 68 at 3. The Heinemans note that the Hillises do not address the other twenty-four paragraphs of the counterclaim and argue that summary judgment is not appropriate because there are a host of disputed factual and legal issues that must be considered in determining whether the securities sold to the Hillises qualify as exempt from registration. Dkt. #66.

---

[1] The Hillises' request for oral argument is denied because the parties have had an opportunity to fully brief the issues and oral argument would not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1       Rule 56(d)(1) of the Federal Rules of Civil Procedure provides that "[i]f summary 2 judgment is not rendered on the whole action, the court should, to the extent practicable, 3 determine what material facts are not genuinely at issue." The Advisory Committee Notes 4 to Rule 56 make clear that courts have "open-ended discretion to decide whether it is 5 practicable to determine what facts are not genuinely at issue." Fed. R. Civ. P. 56, Advisory 6 Comm. Notes (2007 Ams.). Courts in this Circuit "'have found independent requests for 7 partial summary adjudication to be appropriate where the fact or issue to be adjudicated is 8 potentially case dispositive.'" *Harris Tech. Sales, Inc. v. Eagle Test Sys., Inc.*, No. 06-9 02471-PHX-RCB, 2008 WL 343260, at \*9 (D. Ariz. Feb. 5, 2008) (citation omitted).

10       The Hillises have not shown that the allegation in paragraph 6 of the counterclaim is 11 dispositive of any claim in the case. Nor have they shown that early resolution of this issue 12 would save significant time in the litigation or advance settlement of the case. Having 13 considered the parties' briefs, the Court concludes that it is not practicable to determine a 14 single issue at this early stage of the litigation. That issue and others must be decided in a 15 broader context where, unlike the present motion, the Court has confidence that all relevant 16 factual and legal issues have been considered and the consequences of the Court's ruling are 17 clear. The Court will therefore deny the motion for partial summary judgment. *See In re* 18 *Neopharm, Inc. Sec. Litig.*, No. 02 C 2976, 2007 WL 625533, at \*7 (N.D. Ill. Feb. 23, 2007) 19 (declining to enter order determining facts under Rule 56(d) where doing so "would not 20 further the litigation and . . . would waste judicial resources"); *In re Bridgeston/Firestone,* 21 *Inc.*, No. IP 00-9373-C-B/S, 2002 WL 1011781, at \*1 (S.D. Ind. May 13, 2002) (declining 22 to exercise discretion under Rule 56(d) where the determination sought involved legal 23 questions and noting that "the court's discretion to determine *issues* – as opposed to *claims* 24 – is most prudently exercised when . . . a decision on the issue presented could significantly 25 pare down the presentation of proof at trial or materially advance the settlement of the case") 26 (emphasis in original).

27       Substantial judicial resources already have been spent in this four-month old case. 28 The parties have filed eleven motions and the Court has issued written orders on five. As the

1  Court previously has directed, the parties should refrain from filing unnecessary and
2  excessive motions.  *See* Dkt. #62.

3  **IT IS ORDERED** that the Hillises' motion for partial summary judgment (Dkt. #49)
4  is **denied**.

5  DATED this 14th day of May, 2009.

*David G. Campbell*
David G. Campbell
United States District Judge