**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve Hillis and Diane Hillis, husband and wife,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Ronald E. Heineman and Barbara L. Heineman, husband and wife; Barbara L. Heineman, Trustee of the Year 2002 Revocable Trust Dated August 16, 2002; and Gregory Bartko,<br><br>　　　　Defendants.<br>_____<br>Ronald E. Heineman and Barbara L. Heineman, husband and wife; and Gregory Bartko,<br><br>　　　　Counter-Plaintiffs and<br>　　　　Third-Party Plaintiffs,<br><br>vs.<br><br>Steve Hillis and Diane Hillis, husband and wife; and John Raymond Fox,<br><br>　　　　Counter-Defendants and<br>　　　　Third-Party Defendant.<br>_____ | No. CV-09-73-PHX-DGC<br><br>**ORDER** |

Resolve Staffing, Inc. provided employment staffing and outsourcing services to various companies. Ronald Heineman is the former president and chief executive officer of Resolve Staffing. Gregory Bartko was the corporation's securities counsel.

On September 26, 2006, Steve Hillis and Resolve Staffing entered into a securities Subscription Agreement and a Warrant Agreement. Pursuant to the terms of the Subscription Agreement, Hillis paid a total of $135,000 for 90,000 shares of Resolve Staffing common stock. The Warrant Agreement entitled Hillis to purchase an additional 90,000 shares at a price of $2.00 each. On September 30, 2007, Hillis and Resolve Staffing executed an Amended Warrant Agreement which lowered the price of additional shares to $1.25. Hillis lost his $135,000 investment when Resolve Staffing went out of business in early 2008 due to the involuntary foreclosure and sale of its assets by its primary lender.

The Hillises filed suit against Resolve Staffing and others in Arizona state court in October 2008. The state court entered default judgment against Resolve Staffing in the amount of $810,050. The Hillises cannot collect on that judgment given Resolve Staffing's insolvency.

The Hillises filed a complaint against the Heinemans and Bartko in this Court on January 12, 2009, alleging that Defendants engaged in a conspiracy to sell Resolve Staffing stock in violation of Arizona law. The complaint asserts claims for fraudulent conveyance, racketeering, and conversion against the Heinemans and a claim for civil conspiracy against Bartko. Dkt. #1. Defendants filed counterclaims against the Hillises (Dkt. ##20, 52) and a third-party complaint against John Fox (Dkt. #29).

Defendants have filed a motion to dismiss (Dkt. #65) and a motion for sanctions (Dkt. #74). The motions have been fully briefed. Dkt. ##71, 75, 79, 81, 83. For reasons that follow, the Court will grant the motion to dismiss in part and deny the motion for sanctions.

**I.　Motion to Dismiss.**

Defendants argue that the complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for improper venue pursuant to Rule 12(b)(3), and for failure to state a claim for relief pursuant to Rule 12(b)(6). Dkt. #65 at 2.

**A.　Subject Matter Jurisdiction.**

Defendants seek dismissal for lack of subject matter jurisdiction based on forum

selection clauses contained in the Subscription Agreement and Amended Warrant Agreement. Dkt. #65 at 12-16. "A motion to dismiss based on a forum selection clause is treated as a motion to dismiss for improper venue and [must be] brought under Rule 12(b)(3)[.]" *Whipple Indus., Inc. v. Opcon AB*, No. CV-F-05-0902 REC SMS, 2005 WL 2175871, at *1 (E.D. Cal. Sept. 7, 2005) (citing *Argueta v. Banco Mexicano*, 87 F.3d 320, 324 (9th Cir. 1996)); *see Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005). Defendants do not dispute the existence of diversity jurisdiction in this case. *See* 28 U.S.C. § 1332(a)(1). The Court will therefore deny the motion to dismiss to the extent it is brought under Rule 12(b)(1) for lack of subject matter jurisdiction.[1]

**B.  Venue.**

Defendants' argument that the complaint should be dismissed for improper venue is also based on forum selection clauses contained in the Subscription Agreement and Amended Warrant Agreement. Dkt. #65 at 12-16. The parties consented in the Subscription Agreement "to exclusive jurisdiction and venue in the courts of the State of Ohio." Dkt. #1 at 31, ¶ 8(c). The Amended Warrant Agreement provides that "[i]f any action is brought among the parties with respect to this Agreement or otherwise," the "[e]xclusive jurisdiction and venue for any such action shall be the State or Federal Courts serving the State of Ohio." Dkt. #24-3 at 7, ¶ 6.3. Defendants argue that these forum selection clauses are enforceable and binding on the parties and venue therefore lies not in this Court, but in the state or federal courts of Ohio.

"A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)). In *Bremen*, the

---

[1] Plaintiffs' response to the motion under Rule 12(b)(1) focuses on an arbitration provision contained in the Subscription Agreement. Dkt. #71 at 3-8. Defendants have made clear, however, that they are not seeking dismissal based on the arbitration provision. Dkt. ##65 at 13, 79 at 2-3.

- 3 -

Supreme Court identified three circumstances where enforcement of a forum selection clause would be unreasonable: the clause was the product of fraud or overreaching, enforcement would deprive a party of his day in court, or enforcement would contravene a strong policy of the forum where the suit was brought. 407 U.S. at 12-18; *see Argueta*, 87 F.3d at 324-25; *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004).

Plaintiffs do not attempt to establish any of these circumstances. Nor do Plaintiffs argue that their claims are outside the scope of the forum selection clauses. Instead, Plaintiffs assert that Defendants waived any right to enforce the clauses when they filed counterclaims and a third-party complaint (Dkt. #71 at 9), but Plaintiffs cite no legal authority in support of this assertion. Defendants specifically asserted in their answers the affirmative defense of improper venue based on the forum selection clauses (Dkt. ##19, 51 ¶¶ 44), and courts have made clear that "a defendant does not waive a venue defense by simultaneously filing a counterclaim." *Hoffman v. Burroughs Corp.*, 571 F. Supp. 545, 547 (N.D. Tex. 1982); *see Rogen v. Memry Corp.*, 886 F. Supp. 393, 396 (S.D.N.Y. 1995) (counterclaim "does not render [a defendant's] objections to venue abandoned"); *CAO Group, Inc. v. Discus Dental, LLC*, No. 2:07-CV-909, 2008 WL 314559, at *2 (D. Utah Feb. 4, 2008) (counterclaim "does not constitute a waiver of the forum selection clause agreed upon by the parties").

Plaintiffs note that Defendants and Mrs. Hillis are not parties to the Subscription Agreement and Amended Warrant Agreement. Dkt. #71 at 5. "It is well established that 'a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.'" *Xantrex Tech., Inc. v. Advanced Energy Indus., Inc.*, No. 07-cv-02324-WYD-MEH, 2008 WL 2185882, at *8 (D. Colo. May 23, 2008) (quoting *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988)). This Circuit has "recognized that a nonparty may enforce a forum selection clause if the non-party's alleged conduct is 'so closely related to the contractual relationship' that the clause should apply to it, as well." *Laurel Village Bakery, LLC v. Global Payments Direct, Inc.*, No. C06-01332 MJJ, 2006 WL 2792431, at *6 (N.D. Cal. Sept. 25, 2006) (quoting *Manetti-Farrow*, 858 F.2d at 514 n.5); *see also Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993);

*Lipcon v. Underwriters at Lloyd's*, 148 F.3d 1285, 1299 (11th Cir. 1998); *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001).

The Court is satisfied that Mr. Heineman is entitled to enforce the forum selection clauses because he is so closely related to the transactions between Resolve Staffing and Mr. Hillis that it was reasonably foreseeable the clauses would apply to him. Mr. Heineman was the president and chief executive officer of Resolve Staffing, signed the agreements on behalf of Resolve Staffing, and, according to Plaintiffs, was an "insider" and "person in control" of the corporation and was "actively engaged" in the sale of corporate securities to Plaintiffs. Dkt. #1 ¶¶ 1, 2(b), 8(b), 21(a). Courts have made clear that "shareholders, officers, and directors of a corporation may be bound by a forum selection clause in a corporate contract." *Highway Commercial Servs., Inc. v. Zitis*, No. 2:07-cv-1252, 2008 WL 1809117, at *4 (S.D. Ohio Apr. 21, 2008); *see Marano Enters.*, 254 F.3d at 757 ("[Plaintiff] is a shareholder, officer, and director of Marano Enterprises, which *was* a party to the agreements. As such, he is, without question, 'closely related' to the disputes arising out of the agreements and properly bound by the forum-selection provisions.") (emphasis in original).[2] Mrs. Heineman may enforce the forum selection provisions because her interest in the dispute is merely derivative of her husband's interest. *See Lipcon*, 148 F.3d at 1299. With respect to Mrs. Hillis, to the extent she has standing to bring the claims asserted in the complaint, "she is similarly subject to the forum selection provisions." *Beck v. CIT Group/Credit Fin., Inc.*, No. CIV.A. 94-5513, WL 394067, at *6 (E.D. Pa. June 29, 1995). The Court will grant the motion to dismiss under Rule 12(b)(3) for improper venue with respect to the claims asserted against the Heinemans: fraudulent conveyance, racketeering,

---

[2]*See also Farmers & Merchants Savings Bank v. Core Funding Group, L.P.*, No. C06-2006, 2008 WL 178252, at *2 (N.D. Iowa Jan. 18, 2008) (managing member of corporation entitled to enforce forum selection clauses contained in corporate agreements); *Nanopierce Techs., Inc. v. Southridge Capital Mgmt. LLC*, No. 02 Civ. 0767(LBS), 2003 WL 22882137, at *6 (S.D.N.Y. Dec. 4, 2003) (forum selection clause contained in stock purchase agreement applied to CFO of corporation); *Vessel Sys., Inc. v. Sambucks, LLC*, No. 05-CV-1028-LRR, 2007 WL 715773, at *10 (N.D. Iowa Mar. 6, 2007) (founder and president of corporation entitled to enforce forum selection clauses contained in corporate agreements).

and conversion (Dkt. #1 ¶¶ 16-31). *See Farmers & Merchants*, 2008 WL 178252, at *2 (dismissing claims pursuant to Rule 12(b)(3)); *Laurel Village Bakery*, 2006 WL 2792431, at *6 (same).

Bartko generally would be entitled to enforce the forum selection clauses because he prepared the Subscription Agreement as securities counsel for Resolve Staffing and, like Mr. Heineman, is alleged to have actively engaged in the sale of corporate securities to Plaintiffs. Dkt. #1 ¶¶ 1, 2(d), 34; *see Laurel Village Bakery*, 2006 WL 2792431, at *6 (agent of signatory to agreement who allegedly participated in fraudulent scheme had standing to enforce forum selection clause). Plaintiffs argue that Bartko has waived the defense of improper venue by failing to include it in his initial motion to dismiss. Dkt. #71 at 9 (citing Fed. R. Civ. P. 12(g), (h)(1)). While Bartko's initial motion sought dismissal under Rule 12(b)(2) for lack of personal jurisdiction, it explicitly raised the defense of improper venue by arguing that dismissal is appropriate because "Plaintiffs agreed to resolve any dispute between the parties to the Subscription Documents in the exclusive jurisdiction and venue of the courts of the State of Ohio." Dkt. #31 at 12 (citing Dkt. #1 at 31, ¶ 8(c)). The Federal Rules of Civil Procedure "emphasize substance over form," *Vessel Sys.*, 2007 WL 715773, at *2, and must "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Concluding that Bartko has waived the defense of improper venue would not serve these goals, particularly in light of the Court's dismissal of the tort claims against the Heinemans and the fact that the civil conspiracy claim against Bartko "requires an underlying tort which the alleged conspirators agreed to commit." *Baker v. Stewart Title & Trust of Phoenix, Inc.*, 5 P.3d 249, 259 (Ariz. Ct. App. 2000). The Court will grant the motion to dismiss for improper venue with respect to the civil conspiracy claim asserted against Bartko. *See Vessel Sys.*, 2007 WL 715773, at *2 (finding no waiver and dismissing claims for improper venue).

The Court also will dismiss for improper venue the counterclaims asserted against the Hillises (Dkt. ##20, 52) and the third-party complaint against John Fox (Dkt. #29) as these claims are closely related to the contractual relationship between Mr. Hillis and Resolve

1 | Staffing. *See Manetti-Farrow*, 858 F.2d at 514 n.5.

### C. Failure to State a Claim for Relief.

Even if Bartko was deemed to have waived the defense of improper venue, dismissal would be appropriate under Rule 12(b)(6) because the complaint fails to state a plausible civil conspiracy claim. A conspiracy claim requires an agreement between two or more persons to accomplish an unlawful purpose or a lawful purpose by unlawful means. *See Dawson v. Withycombe*, 163 P.3d 1034, 1053 (Ariz. Ct. App. 2007). The complaint alleges only that "Bartko, as securities counsel, actively prepared the Subscription Agreements which, with Bartko's knowledge, were targeted to Arizona residents, including the Plaintiffs[.]" Dkt. #1 ¶ 34. Assistance to the tortfeasor by itself, however, is insufficient to show an actual conspiratorial agreement "because there is a qualitative difference between showing an agreement to participate in a tort (conspiracy) and a knowing action which might substantially aid the tortfeasor to commit a tort." *Dawson*, 163 P.3d at 1053. The civil conspiracy claim must be dismissed because it alleges no facts showing that Bartko actually *agreed* with Mr. Heineman to cause unregistered and nonexempt securities to be sold to Plaintiffs.

This particularly is true in light of current pleading law that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal* --- U.S ---, 129 S. Ct. 1937, 1950 (2009). If the facts alleged in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (brackets omitted). Such a complaint must be dismissed. *Id*.

### II. Motion for Sanctions.

Defendants seek an award of sanctions under Rule 11 on the ground that Plaintiffs' claims have insufficient evidentiary support and Plaintiffs and their counsel failed to conduct an adequate pre-filing investigation. "'Rule 11 is an extraordinary remedy, one to be exercised with extreme caution.'" *In re Keegan Mgmt. Co.*, 78 F.3d 431, 437 (9th Cir. 1996) (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)).

Having reviewed the parties' briefs, and having considered the record as a whole, the Court finds that Rule 11 sanctions are not warranted. The Court will therefore exercise its discretion and deny Defendants' motion.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Dkt. #65) is **granted in part** and **denied in part** as set forth in this order.
2. The complaint (Dkt. #1), counterclaims (Dkt. ##20, 52), and third-party complaint (Dkt. #29) are **dismissed without prejudice**.
3. Defendants' motion for sanctions (Dkt. #74) is **denied**.
4. The Clerk is directed to **terminate** this action.

DATED this 23rd day of July, 2009.

*David G. Campbell*
David G. Campbell
United States District Judge