**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve Hillis and Diane Hillis, husband and wife,<br><br>   Plaintiffs,<br><br>vs.<br><br>Ronald E. Heineman and Barbara L. Heineman, husband and wife; Barbara L. Heineman, Trustee of the Year 2002 Revocable Trust Dated August 16, 2002; and Gregory Bartko,<br><br>   Defendants.<br>_____<br>Ronald E. Heineman and Barbara L. Heineman, husband and wife; and Gregory Bartko,<br><br>   Counter-Plaintiffs and<br>   Third-Party Plaintiffs,<br><br>vs.<br><br>Steve Hillis and Diane Hillis, husband and wife; and John Raymond Fox,<br><br>   Counter-Defendants and<br>   Third-Party Defendant.<br>_____ | No. CV-09-73-PHX-DGC<br><br>**ORDER** |

  On July 23, 2009, the Court issued an order granting Defendants' motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Dkt. #85. Plaintiffs have filed a motion for reconsideration of that order. Dkt. #87. For reasons that follow, the Court will deny the motion.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross*, 2008 WL 1776502, at *2. Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Plaintiffs first argue that Defendants' motion to dismiss should have been denied as untimely because it was made after Defendants had filed answers to the complaint. Dkt. #87 at 4; *see* Dkt. #71 at 10. Courts do not, however, "mechanically or routinely deny any motion made after a responsive pleading as untimely." *Puckett v. United States*, 82 F. Supp. 2d 660, 663 (S.D. Tex. 1999). Instead, courts "'have allowed untimely motions if the defense has been previously included in the answer.'" *Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008, 1013 (D. Minn. 2008) (citation omitted); *see Udoewa v. Plus4 Credit Union*, No. H-08-3054, 2009 WL 1856055, at *3 (S.D. Tex. June 29, 2009). Moreover, as Plaintiffs recognize in their motion (Dkt. #87 at 4), Defendants' motion to dismiss may properly be construed as a timely motion for judgment on the pleadings under Rule 12(c). *See, e.g.*, *Dorsey v. Ga. Dep't of State Rd. & Tollway Auth.*, No. 1:09-CV-1182-TWT, 2009 WL 2477565, at *3 (N.D. Ga. Aug. 10, 2009); *Colo. Legal Servs. v. Legal Aid Nat'l Servs.*, No. 08-cv-00258-MSK-KMT, 2009 WL 347500, at *2 n.1 (D. Colo. Feb. 11, 2009); *Hester v. United Healthcare Ins. Co.*, No. 1:08-cv-105, 2009 WL 128303, at *1 (E.D. Tenn. Jan. 16, 2009); *Thompson v. Rings*, No. 2:08-CV-230, 2008 WL 4981387, at *1 n.1 (S.D. Ohio Nov. 18, 2008).

Defendants specifically asserted the defense of improper venue in their respective answers. Dkt. ##19 ¶ 53, 51 ¶ 54. Although the motion to dismiss on that ground technically was untimely under Rule 12(b), *see Dorsey*, 2009 WL 2477565, at *3, the Court will

construe the motion as one for judgment on the pleadings under Rule 12(c). *See id.* Because the standards for assessing a Rule 12(c) motion are the same as those for Rule 12(b) motions, *see Colo. Legal Servs.*, 2009 WL 347500, at *2 n.1, the Court's conclusion that the complaint should be dismissed for improper venue remains the same. The Court will deny the motion for reconsideration to the extent Plaintiffs assert that Defendants' motion to dismiss should have been denied as untimely.

Plaintiffs make several new arguments in their motion for reconsideration: that the warrant agreement was not effective due to a failure of a condition precedent, that Defendants are precluded from benefitting under the forum selection clause, that the subscription and warrant agreements are illegal and void under state law, and that Plaintiffs' claims are outside the scope of the forum selection clause. Dkt. #87. Plaintiffs do not explain why they failed to assert these arguments in response to the motion to dismiss. The Court will not consider them for the first time on a motion for reconsideration. *See* LRCiv 7.2(g)(1); *Ross*, 2008 WL 1776502, at *2.

Plaintiffs' argument that Defendants have waived the defense of improper venue was explicitly rejected in the order of dismissal. *See* Dkt. #85 at 4, 6. Plaintiffs are precluded from re-urging that argument in a motion for reconsideration. *See* LRCiv 7.2(g)(2).

Plaintiffs request leave to amend the complaint as to the civil conspiracy claim asserted against Defendant Bartko. Dkt. #87 at 3. The Court will deny that request given that the civil conspiracy claim has been dismissed for improper venue. *See* Dkt. #85 at 6.

**IT IS ORDERED** that Plaintiffs' motion for reconsideration (Dkt. #87) is **denied**.

DATED this 31st day of August, 2009.

_____
David G. Campbell
United States District Judge